**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ISAAC ZARATE** | § | |
| **#02038012** | § | |
| | § | |
| **V.** | § | **A-25-CV-01445-ADA** |
| | § | |
| **DEANA WILLIAMSON, Clerk of the** | § | |
| **Texas Court of Criminal Appeals.** | § | |

**<u>ORDER</u>**

Before the Court is Plaintiff Isaac Zarate's *pro se* complaint.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  For the reasons discussed below, Plaintiff's complaint is dismissed.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint, Plaintiff was confined in the Texas Department of Criminal Justice - Correctional Institutions Division.  Plaintiff sues Deana Williamson, Clerk of the Texas Court of Criminal Appeals.  He complains Williamson is not allowing the Judge to review his state application for writ of habeas corpus and he is stilled locked up.  Plaintiff explains that in August 2024 he filed an application for writ of habeas corpus.  He asserts he was "denied 3 times without the judge written notice and this is a major problem."  He seeks $1 million for legal, medical and work disability fees.  He further seeks that the clerk "start processing application[s] for writ of habeas corpus correctly in person, notify prisoners properly and arrainge [sic] them."

1

Attached to his complaint are copies of the postcards mailed to him by the Clerk of the Texas Court of Criminal Appeals.  One postcard acknowledges that Plaintiff's application (WR-96-218-01) was received in the Texas Court of Criminal Appeals on November 22, 2024.  Another postcard notifies Plaintiff that the Court dismissed that application on December 4, 2024, for non-compliance because he did not use the proper form.  The third postcard notifies Plaintiff that the Court denied Plaintiff's second state application (WR-96-218-02) on the merits but without a written order.

DISCUSSION AND ANALYSIS

A.    Legal Standard

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Immunity

The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official

capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Tex.*, 27 F.3d 1083,1087 (5th Cir. 1994). To the extent Plaintiff sues Defendant in her official capacity the Court lacks jurisdiction.

To the extent Plaintiff sues Defendant in her individual capacity she is protected by quasi-judicial immunity. It is a well-settled rule that court clerks and law clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Tubwell v. Almond*, 42 F.3d 641 (5th Cir. 1994); *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Plaintiff fails to identify any actions taken by Defendant that falls outside the scope of her normal duties of her office in her function as an extension of the judiciary. The Court additionally notes Plaintiff has completely failed to allege a valid constitutional violation.

C.    Mandamus

To the extent Plaintiff request the Court to order Defendant to process habeas corpus applications in a certain way, his request is construed as a request for mandamus relief. *See Norman v. U.S. Atty. Gen. for W. Dist. of Tex.*, No. 23-50360, 2024 WL 64769, at *2 (5th Cir. Jan. 5, 2024) (holding district court appropriately construed request to stop defendants from violating federal criminal laws and to compel them to perform certain non-discretionary acts as seeking mandamus relief). "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

3

perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973).

Defendant is not an officer or employee of the United States or any federal agency. Consequently, this Court is without power to order her to take particular action with regard to Plaintiff's request. As such, Plaintiff's request for mandamus relief is frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

<u>CONCLUSION</u>

Plaintiff's claims are frivolous. Generally, before dismissal of a *pro se* complaint, the plaintiff should be afforded an opportunity to amend in an attempt to cure any deficiencies. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not required, however, if the *pro se* litigant has already pleaded his "best case." *Brewster*, 587 F.3d at 768. The Court finds, based upon review of the complaint and applicable law, that any attempt by Plaintiff to amend would be fruitless.

It is therefore **ORDERED** that Plaintiff's claims seeking monetary relief against Defendant in her official capacity are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's claims seeking mandamus relief and monetary relief against Defendant in her individual capacity are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that a copy of this order and the Court's judgment shall be forwarded to the keeper of the three-strikes list.

SIGNED on September 10, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE